WILSON v. METROPOLITAN LIFE INS. CO.

INSURANCE—GROUP POLICY—TERMINATION OF EMPLOYMENT—LAPSING OF COVERAGE.

> In action of assumpsit by death beneficiary named in certificate issued under group insurance policy, employment relation within meaning of policy *held*, to have terminated more than 31 days before death on July 1st, as a matter of law, where after a number of releases for short periods of time, employee was released on March 29th because of irregular attendance at work and such release was treated by him as a discharge from employment and lapsing of insurance by obtaining re-employment with same employer less than a month later under another name and designating another person as death beneficiary in new application for insurance, notwithstanding payment of two premiums during March.

Appeal from Genesee; Black (Edward D.), J. Submitted April 13, 1937. (Docket No. 52, Calendar No. 39,407.) Decided May 21, 1937.

Assumpsit by Ester M. Wilson against Metropolitan Life Insurance company, a corporation, on a life insurance policy. Verdict and judgment for plaintiff. Defendant appeals. Reversed.

*R. M. Van Dyne,* for plaintiff.

*Cook & Stipes,* for defendant.

CHANDLER, J. This is an action in assumpsit by plaintiff who seeks to recover as beneficiary under a certificate of insurance issued to one Samuel Starnes, deceased, by virtue of the terms of a certain group insurance contract existing between the

defendant and the General Motors Corporation and its subsidiaries. Defendant appeals from a denial of motions for judgment *non obstante veredicto* and for a new trial.

Starnes, a brother of plaintiff, died on July 6, 1934. He was employed by the Buick Motor Car Company and first made application for insurance under the group policy on December 1, 1926. By subsequent application on September 1, 1928, the amount of his insurance was increased to $2,000.

The policy provides for payment of the premiums to the insurer by the employer who in turn makes a monthly deduction from the pay of the employee for this purpose. The policy further provides that the life insurance on any employee who is insured thereunder automatically ceases 31 days after his employment is terminated; that cessation of active work shall be deemed to constitute a termination of employment, with exceptions made in case of sickness or injury, retirement, leave of absence or temporary lay-off. In the event the employment is terminated the employee has the privilege of purchasing an individual policy of insurance providing such option is exercised within 31 days after termination of the employment.

Starnes continued to work for the Buick Company until the month of March, 1934. The record shows that he ceased active work on March 27, 1934, the same being entered upon his employment record as of March 29, 1934. The employment card in this regard carries the following notation, "3-29-34 W9." This notation was explained as indicating that Starnes was discharged on March 29, 1934, for being irregular in his attendance at work.

The record also shows that thereafter on April 25, 1934, one Sammy Cambell became employed by the Buick Company and on that date made application

for $2,000 group insurance and requested that the certificate be issued with one Ever Cambell, whom he designated as his wife, as the beneficiary. It was established that Samuel Starnes and Sammy Cambell were one and the same person and that Ever Cambell was not in fact his wife but a friend. Under the provisions of the policy this application for insurance would not become effective until the employee had been continuously employed for a period of three months.

Many errors are assigned by defendant. The disposition of the case, however, depends upon the determination of one question. Was Samuel Starnes discharged by the Buick Motor Car Company on March 29, 1934? If he was his insurance was no longer in effect after a lapse of 31 days and plaintiff cannot recover.

In arguing that there is evidence to support the finding of the jury that Starnes was not so discharged, plaintiff directs our attention to the fact that he had been employed for a number of years by the Buick Company and that during that time he had been released for short periods of time, none of which were in the nature of a discharge until the occasion of his release on March 29, 1934, and that therefore it should be reasoned that his release on the latter date was not in the nature of a dismissal.

Plaintiff also relies upon the fact that two deductions in the amount of $1.23 each were made from Starnes' pay in the month of March, 1934 and argues that one of these is to be considered as a deduction for the period from March 29, 1934, to April 25, 1934, when he returned to work under the assumed name of Cambell and concludes therefrom that he was absent from work due to a temporary lay-off.

A careful review of the record is convincing that plaintiff's arguments are without merit. The only definite evidence as to the employment relations between Starnes and the Buick Company are the employment records of the latter. The mentioned records clearly indicate that the employee was released on March 29, 1934, for irregularity in attendance at his work. Also in support of the conclusion that he was discharged, it must be noted that thereafter on April 25, 1934, he applied and secured employment under an assumed name and on the same day made new application for insurance benefits. It is not unreasonable to conclude that he was aware of his previous discharge, having been given a copy of his employment record at the time, and was also aware that his insurance had lapsed for this reason, and that to take advantage of the offered insurance benefits it was necessary for him to make an entirely new application therefor. In addition the new application named an entirely different person as beneficiary. This action is likewise indicative that he knew that his old insurance had terminated.

We believe no importance can be attached to the fact that two deductions for premiums were made during the month of March, 1934, from Starnes' pay. The premiums were supposedly deducted monthly in accordance with the contract provisions and the record is clear that three deductions in the amount of $1.23 each were made during 1934 covering the three months worked during that year by Starnes prior to his discharge.

Plaintiff cites numerous cases in support of the proposition that the law will not permit a forfeiture of an insurance policy for nonpayment of premiums when the insurer has funds in hand presently pay-

able to the insured from which the premium could be deducted.  Plaintiff argues that deductions for premium purposes should have been made from the pay earned by Starnes after his return to work on April 25, 1934.  The cited cases have no application to the instant case for the reason that the record conclusively shows that Starnes was discharged and under the plain provisions of the policy the insurance terminated 31 days thereafter.

Defendant's motion for judgment *non obstante veredicto* should have been granted.

Reversed, with costs to defendant, and remanded for entry of judgment.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Potter, JJ., concurred.